UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

NEW YORK YANKEES PARTNERSHIP; and
LEGENDS HOSPITALITY, LLC

                                                    Civil Action No.: 1:20-cv-5499

*Petitioner*

        v.


WALTER HASS
     *Respondent.*
_____




## PETITIONER NEW YORK YANKEES PARTNERSHIP's and LEGENDS HOSPITALITY, LLC's MEMORANDUM OF LAW IN SUPPORT OF ITS PETITION TO CONFIRM ARBITRATION AWARD



THE LAW OFFICE OF
JOHN P TOUHEY, PLLC

John P. Touhey, Esq.
Attorney for Petitioner
10 Lafayette Square, #1602
Buffalo, New York 14203
(716) 427-8770
*John.touhey@touheylaw.com*


1

## TABLE OF CONTENTS

I. Table of Authorities…………………………………………………………3

II. Preliminary Statement……...………………………………………………4

III. Statement of Facts……………..…………………………………………..…..4

IV. Legal Argument…………………………………………………………..… 6

V. Conclusion…………………………………………………………….…….... 7

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Pages**

*Citigroup, Inc. v. Abu Dhabi Inv. Auth.,*
776 F.3d 126, 132 (2d Cir. 2015)…………………………………………………………..6

*D.H Blair & Co. Inc. v. Gottdiener,*
492 F. 3d 95, 110 (2d Cir. 2006)…………………………………………………………...6

*Florasynth, Inc. v. Pickholz,*
750 F.2d 171, 177 (2d Cir. 1984)…………………………………………………………..7

**Statutes**

Federal Arbitration Act 9 U.S.C. § 9 ……………………………………………………6

Federal Arbitration Act 9 U.S.C. § 12 ……………………………………………………..7

## I.      Preliminary Statement

The New York Yankees Partnership and Legends Hospitality, LLC (the "Petitioner"), by and through the undersigned counsel, and in accordance with Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, respectfully submits this Memorandum of Law in Support of its petition which seeks: 1) an Order confirming the April 6, 2020 Arbitration Award granted by arbitrators Walter G. Gans, Gerald Harris and Eugene Farber (the "Panel") in favor of Petitioner and against Respondent; and 2) an Order entering judgment thereon for the full sum of the Award which is $626,705.48 (Six Hundred Twenty-Six Thousand Seven Hundred Five Dollars and 48/100).

This action arises from Respondent's breach of agreements which resulted in money damages sustained by Petitioner.  The Panel conducted an arbitration hearing, received paper submissions from Petitioner and heard oral argument.  Despite due notice, Respondent did not participate in the evidentiary hearing.  An Arbitration Award was granted by the Panel on April 6, 2020 and sometime on or around April 9, 2020, the Award was mailed certified and by FedEx to Respondent.  Since that time, three months have elapsed and the Arbitration Award has not been modified, vacated or corrected and remains in full force and effect.  Petitioner timely brings this Petition to Confirm the Arbitration Award within one year of the date the Award was granted.

Based upon the foregoing, the Arbitration Award should be confirmed by this Court and judgment should be entered thereon.

## II.      Statement of Facts

On October 5, 2012, Petitioner and Respondent entered into a Champions Suite License Agreement, Champions Suite Ticket Agreement and a Champions Suite Food and Beverage Agreement all dated October 5, 2012 (the "2012 Agreements").  Subsequent addenda were

4

executed on March 3, 2015 (the "2015 Addenda").  Pursuant to the 2015 Addenda, Respondent agreed to a term of ten (10) License Years for Champions Suite Seating Locations.

Prior to the 2017 season, Respondent informed Petitioner that he was ill and was unable to pay for tickets for the 2017 season.  Petitioner agreed to allow him a one year hiatus in payment and enforcement on the terms of his current 2012 Agreement and 2015 Addenda and he executed a new Champions Suite License Agreement, Champions Suite Ticket Agreement and Champions Suite Food and Beverage Agreement all dated June 22, 2017 (the "2017 Agreements"). Respondent agreed to a term of eight (8) License Years for Champions Suite Seating Locations.

At the start of the 2018 season and pursuant to the 2017 Agreements, Respondent failed to make timely payment for the first and second License Years, which were the 2018 and 2019 MLB seasons respectively.  The Petitioner has not received any of the annual license fees, ticket fees or food and beverage fees pursuant to the 2017 Agreements and therefore, Respondent defaulted on the 2017 Agreements.

For purposes of clarity, the 2012 Agreements, the 2015 Addenda and the 2017 Agreements may be collectively referred to hereafter as simply, the "Agreements."

A Demand for Arbitration was filed by the Petitioner on November 22, 2019 and Case Number 01-19-0004-1528-1-ET was assigned on or around November 25, 2019 demanding an award for annual license fees, ticket fees and food and beverage fees as well as costs, interest and attorneys' fees due under the Agreements.

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association, Expedited Procedures effective October 1, 2013, a preliminary hearing was held on Wednesday, March 4, 2020 at 2:00 p.m. before the Panel.  John P. Touhey, Esq. appeared on behalf of Petitioner.

5

Despite due notice provided to Respondent both by the AAA and Petitioner representative by Email and US mail, Respondent failed to appear and the Panel set an evidentiary hearing in this matter for March 20, 2020 at 1:00 p.m.

Upon Motion for Award of Judgment submitted by Petitioner and oral argument, the Panel conducted its evidentiary hearing on March 20, 2020.  On March 25, 2020, Petitioner submitted its Dispute Resolution Proposal to the Panel.  Respondent did not submit his Dispute Resolution Proposal.

On April 6, 2020, the Panel delivered its Arbitration Award for damages in favor of Petitioner and against Respondent in the sum of $626,705.48 (Six Hundred Twenty-Six Thousand Seven Hundred Five Dollars and 48/100), which includes annual license fees, ticket fees and food and beverage fees as well as reasonable costs, interest and attorneys' fees.

The Arbitration Award was mailed to Respondent by certified mail and by FedEx on or around April 9, 2020.  Since the Award was granted, three months have elapsed and the Arbitration Award has not been modified, vacated or corrected and remains in full force and effect.

## III.    Legal Argument

Typically, confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.,* 776 F.3d 126, 132 (2d Cir. 2015).  The Court "must grant [a request to confirm a decision] unless the award is vacated, modified, or corrected." *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006) (quoting 9 U.S.C. § 9) (internal quotation marks omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.*

6

(internal quotation marks omitted). A "barely colorable" justification for the arbitrator's decision is sufficient to meet that standard. *Id.*

Under the Federal Arbitration Act, the party against whom the award was grated in an arbitration proceeding has three months to move the court to vacate or modify the arbitration award after the date the award is granted.  See 9 U.S.C. § 12. "When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding." *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 177 (2d Cir. 1984).

In the present case, the facts established by Petitioner clearly and unequivocally support the Panel's decision to grant an Arbitration Award in favor of Petitioner and against Respondent because Respondent defaulted on the Agreements and Petitioner sustained monetary damages as a result.  Furthermore, the Award has not been vacated, modified, corrected or challenged by Respondent and Respondent has had more than three months to do so.  Therefore, it is respectfully submitted that the Court should defer to the arbitration Panel, confirm their Arbitration Award and order judgment on the Award in favor of Petitioner and against Respondent for the sum of $626,705.48 (Six Hundred Twenty-Six Thousand Seven Hundred Five Dollars and 48/100).

## IV.     Conclusion

For the foregoing reasons, Petitioner New York Yankees Partnership and Legends Hospitality, LLC respectfully requests that the Court confirm the Arbitration Award and enter judgment on said Award in favor of Petitioner and against Respondent.

Dated: Buffalo, New York
      July 17, 2020

                                      THE LAW OFFICE OF
                                      JOHN P TOUHEY, PLLC

                                      */s/:  John P. Touhey*_____
                                          John P. Touhey
                                    Attorney for Petitioner
                                    10 Lafayette Square, #1602
                                    Buffalo, New York 14203
                                    (716) 427-8770
                                    *John.touhey@touheylaw.com*

8